IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:10-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LEWELLYN TERRELL VAUGHT, | ) | |
| | ) | |
| Defendant. | ) | |

On October 3, 2011, pursuant to a written plea agreement, Lewellyn Terrell Vaught ("Vaught") pleaded guilty to distributing a quantity of cocaine, conspiracy to possess and distribute more than 500 grams of cocaine, and possession of a firearm by a convicted felon. See [D.E. 93, 97, 145]. On February 16, 2012, the court held Vaught's sentencing hearing. See [D.E. 122, 157]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 107] and ruled on Vaught's objections. See Sent. Tr. [D.E. 157] at 4–14; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Vaught's total offense level to be 33, his criminal history category to be III, and his advisory guideline range to be 168 to 210 months' imprisonment on counts 1, 4 and 5, and 120 months on count 2. See Sent. Tr. at 14. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vaught to a total term of 168 months' imprisonment. See id. at 20–26.

Vaught appealed. On January 7, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Vaught's conviction and sentence. See United States v. Vaught, 503 F. App'x 217, 218–21 (4th Cir. 2013) (per curiam) (unpublished).

On September 30, 2015, Vaught moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E.

208]. Vaught's new advisory guideline range is 135 to 168 months' imprisonment, based on a total offense level of 31 and a criminal history category of III. See Resentencing Report. Vaught requests a 135-month sentence. See id.

The court has discretion to reduce Vaught's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Vaught's sentence, the court finds that Vaught engaged in serious criminal behavior. See PSR ¶¶ 17–20. Moreover, Vaught is a recidivist, with convictions for discharging a weapon within the city limits, injury to real property, hit and run and failure to assist, possession with intent to sell and deliver cocaine, and possession of marijuana (five counts) See id. ¶¶ 24–32. Vaught also has a spotty work history. See id. ¶¶ 44–46. Finally, Vaught has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Vaught received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Vaught's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Vaught's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671

2

F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Vaught's motion for reduction of sentence [D.E. 208].

SO ORDERED. This 16 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge